# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

Adrienne Harrison,

    Plaintiff,

v.

Trans Union, LLC,

    Defendant.

Case No:

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Adrienne Harrison ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Trans Union, LLC ("*Trans Union*" or "*Defendant*") as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq*.

2. This action seeks relief against Defendant for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of § 1681e(b); and for Defendant's failure to conduct a reasonable investigation into Plaintiff's disputes in violation of § 1681i(a).

3. Plaintiff seeks an Order enjoining Defendant's injurious conduct and to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendant's erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

4. As a result of Defendant's conduct in misreporting and failing to reasonably

1

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; and the dissemination of this inaccurate reporting to third party prospective creditors.

5. Plaintiff seeks to recover monetary damages for Defendant's violations of the FCRA and to have an Order issued by this Court enjoining Defendant from persisting in its violative behaviors.

## JURISDICTION AND VENUE

6. Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

8. Plaintiff Adrienne Harrison is an adult who is a citizen of the State of Washington residing in Pierce County.

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

10. Defendant Trans Union is an Illinois limited liability company which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

11. Defendant Trans Union is a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. 1681a(f), that regularly conducts business in this judicial district.

12. Defendant Trans Union by contractual agreement, disseminates consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

13. Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a) of which states as follows:

> (1) The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

2

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

14. FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

15. CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

16. Plaintiff has a legally protected interest in the Defendant fulfilling their duties under FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

17. Plaintiff's injury is particularized and actual and is directly traceable to Defendant's conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

18. Plaintiff is listed as an authorized user on a non-party Credit One Bank, N.A. credit card ("*Credit One*" or "*Furnisher*").

19. The account appears as "CREDIT ONE BANK" on Plaintiff's consumer credit report with Defendant.

20. Plaintiff did not request or consent to being added to the Credit One Account as an authorized user and is not responsible for the balance.

3

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

21.     Furthermore, the Credit One account was sold to Midland Funding and is no longer owned or serviced by Credit One.

22.     The Credit One account is delinquent and on Plaintiff's credit reports with Defendant is reported as charged off with an outstanding balance of $1,799, which is negatively impacting Plaintiff's credit score, credit profile and inflates Plaintiff's liabilities.

23.     As the Credit One Account does not belong to Plaintiff and Plaintiff did not provide consent to be made an authorized user, on or around January 29, 2025, Plaintiff caused a dispute letter to be sent via certified mail to Defendant (the "*FCRA Dispute Letter*") requesting that this Credit One Account be removed.

24.     Based upon United States Postal Service tracking information, Defendant received the FCRA Dispute Letter.

25.     Following Defendant's thirty (30) day FCRA investigation period, Defendant continued to report the Credit One authorized user tradeline.

26.     Upon information and belief, Defendant either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the Credit One account as accurate.

27.     Alternatively and, upon information and belief, Defendant failed to provide Furnisher with the notice of dispute and all relevant information.

28.     Alternatively, and, upon information and belief, Furnisher provided Defendant with directives to delete the Credit One Account and Defendant failed to properly process or furnish this data to Plaintiff's credit report.

29.     As such, Defendant failed to practice reasonable procedures to assure maximum possible accuracy.

30.     As a result of Defendant's conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; lost time and effort; and the dissemination of this inaccurate reporting to third party prospective creditors.

4

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

# COUNT I
## Defendant's Violations of the FCRA, 15 U.S.C. § 1681e(b)

31. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated at length below.

32. Defendant systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

33. Upon receipt of Plaintiff's disputes, Defendant was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

34. At a minimum, CRAs are required to mark the status of the tradeline/account as disputed on the consumer's background reports but Trans Union failed to do so.

35. Upon information and belief, Defendant's conduct in the instant matter is representative of its normal policies and procedures (or lack thereof) for maintaining accurate credit reporting.

36. In violation of §§ 1681e(b) and 1681(i), Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

37. Plaintiff disputed the inaccurate information and Defendant knowingly or intentionally failed to perform a reasonable investigation to remove the inaccurate information.

38. Plaintiff disputed the inaccurate information and Defendant recklessly failed to perform a reasonable investigation to remove the inaccurate information.

39. Alternatively, Plaintiff disputed the inaccurate information and Defendant negligently failed to perform a reasonable investigation to remove the inaccurate information.

40. As a result of Defendant's violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

41. In violation of § 1681o and § 1681n, Defendant's conduct was a direct and proximate cause of Plaintiff's injury.

5

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

42. Defendant is liable to Plaintiff for its negligent and willful failures to follow reasonable policies and procedures.

43. As a result of Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

44. For the foregoing reasons, Defendant violated 15 U.S.C. § 1681e(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**COUNT II**
**Defendant's Violations of the FCRA, 15 U.S.C. § 1681i *et seq.***

45. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated below.

46. Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

47. Defendant violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher and merely parroting information received from the furnisher.

48. Defendant violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher all of the relevant information regarding Plaintiff and his dispute.

49. Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

50. Defendant violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

51. Upon information and belief, Defendant never contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute.

52. Upon information and belief, Defendant never: (i) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (ii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher; or (iii) requested or obtained any other

6
PLAINTIFF'S COMPLAINT
CASE NO:
SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

relevant documents from Furnisher. As such, there is no evidence of a reasonable investigation being conducted.

53. As a result of Defendant's violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

54. Defendant's violations were willful because it had knowledge of the issue after receiving a detailed dispute letter and/or exhibited a reckless disregard for the information provided in that dispute, rendering Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

55. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

56. For the foregoing reasons, Defendant violated 15 U.S.C. § 1681i and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## JURY DEMAND

57. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendant, as follows:

a. Adjudging that Defendant's actions violated the FCRA;

b. Enjoining Defendant from persisting in violative behaviors and requiring Defendant to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

c. Granting Plaintiff actual damages against Defendant pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

d. Granting Plaintiff statutory damages against Defendant pursuant to 15 U.S.C. § 1681n(a)(1)(A);

e. Granting Plaintiff punitive damages against Defendant pursuant to 15 U.S.C. § 1681n(a)(2);

7
PLAINTIFF'S COMPLAINT
CASE NO:
SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

f.  Granting Plaintiff costs and reasonable attorneys' fees against the Defendant pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

g.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h.  Such other and further relief as the Court determines is just and proper.

DATED: July 9, 2025

**SANDERS LAW GROUP**

By: */s Craig B Sanders*
Craig B Sanders, Esq. (WSBA 46986)
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: csanders@sanderslaw.group
Office: (516) 203-7600
*Attorneys for Plaintiff*
Our File No.: 131601

8

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600